■ EILEEN PICH et al., Respondents, v LARRY KRUPP et al., Appellants. [708 NYS2d 338] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Dunne, J.), dated April 23, 1999, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Eileen Pich was injured when she tripped and fell on a public sidewalk abutting premises owned by the defendants. It is well settled that an abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty (*see, Meyer v Guinta,* 262 AD2d 463; *Winberry v City of New York,* 257 AD2d 618). The plaintiffs made no claim of a special use or a breach of any statute or ordinance. In support of the motion, the defendants made a prima facie showing that they did not create the alleged defect in the sidewalk. The plaintiffs' assertion in opposition to the motion that the defendants made the defective condition more hazardous by concealing it was based on little more than speculation. Thus, summary judgment should have been granted dismissing the complaint (*see, Lodato v Town of Oyster Bay,* 68 AD2d 904). Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.