■ EDWARD GRANT et al., Respondents, v GLENN SCHWARTZ, Appellant. [713 NYS2d 769] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Alpert, J.), dated September 23, 1999, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Edward Grant (hereinafter the plaintiff), was injured while walking on a public sidewalk, which abuts the defendant's property, when he tripped and fell on a branch of a

bush located on the defendant's property, but encroaching upon the sidewalk. Although the plaintiff had walked this particular route many times and was aware of the existence of the encroaching bushes, he was distracted by a car horn and tripped.

The law is well settled that an abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places on the owner an obligation to maintain the sidewalk, and expressly makes the owner liable for injuries caused by a breach of that duty (*see, Pich v Krupp,* 272 AD2d 459; *Meyer v Guinta,* 262 AD2d 463; *Winberry v City of New York,* 257 AD2d 618). Additionally, "there is no common-law duty [on] a landowner to control the vegetation on his or her property for the benefit of users of a public highway" (*Ingenito v Robert M. Rosen, P. C.,* 187 AD2d 487, 488; *see also, Kolkmeyer v Westhampton Taxi & Limo Serv.,* 261 AD2d 587; *Weitz v McMahon,* 252 AD2d 581). No claim has been raised on the appeal that the defendant created the condition, or that there is a statute or ordinance imposing liability.

The Supreme Court erred in holding that the defendant had put the sidewalk to a special use by instructing his landscaper not to cut the bushes back so far as to destroy them. The concept of special use is a narrow exception to the general rule of no liability, and exists only when an abutting landowner derives some special benefit from his or her use of the public sidewalk, such as a driveway or a vault (*see, Blum v City of New York,* 267 AD2d 341). The defendant did not put the sidewalk to a special use merely because he did not wish to destroy his bushes. Moreover, to find a special use in this case would abrogate the settled rule that there is no common-law duty to control vegetation for the benefit of users of the public sidewalk.

In light of our determination, we need not address the defendant's remaining contentions. Mangano, P. J., S. Miller, Friedmann and Feuerstein, JJ., concur.