◼ HOPE MARABLE, Respondent, v CITY OF NEW ROCHELLE et al., Defendants, and SALVATORE J. ORIFICI, Appellant. [725 NYS2d 897] —In an action to recover damages for personal

injuries, the defendant Salvatore J. Orifici appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered November 22, 2000, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff allegedly sustained injuries when she tripped and fell on a public sidewalk abutting premises owned by the appellant and located within the City of New Rochelle.

The Supreme Court erred in denying the appellant's motion for summary judgment. An abutting landowner is not liable to a pedestrian injured by a defect in a public sidewalk unless the landowner, *inter alia,* caused the defect to occur because of some special use of the sidewalk (*see, Kaufman v Silver,* 90 NY2d 204, 207; *Winberry v City of New York,* 257 AD2d 618). The plaintiff's opposition papers were insufficient to raise a triable issue of fact in response to the appellant's prima facie showing that he did not make special use of the sidewalk (*see,* CPLR 3212 [b]; *Pich v Krupp,* 272 AD2d 459; *Waldron v City of New York,* 260 AD2d 471; *Winberry v City of New York, supra*). Bracken, P. J., Friedmann, H. Miller and Townes, JJ., concur.