■ DIANA M. SIMMONS, Appellant, v MARILYN E. GUTHRIE, Respondent. [757 NYS2d 873] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Alpert, J.), dated March 15, 2002, which granted the defendant's motion for summary judgment dismissing the complaint and denied her cross motion for summary judgment on the issue of liability, and (2) a judgment of the same court, entered April 26, 2002, which, in effect, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff was injured when she tripped and fell on an allegedly defective section of the public sidewalk abutting premises owned by the defendant. The plaintiff alleges that roots extending from a tree on the defendant's property located adjacent to the sidewalk caused the alleged defect.

It is well settled that an abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty (*see Meyer v Guinta,* 262 AD2d 463 [1999]; *Winberry v City of New York,* 257 AD2d 618 [1999]). We agree with the Supreme Court that the defendant made out a prima facie case for summary judgment and the plaintiff's opposition failed to raise a triable issue of fact whether she created the alleged defective condition (*see Gomez v City of New York,* 238 AD2d 472 [1997]; *Zawacki v Town of N. Hempstead,* 184 AD2d 697 [1992]). Nor is there evidence that the defendant breached a statutory duty to maintain the sidewalk or that she made a

special use of the sidewalk where the plaintiff fell (*see Picone v Schlaich,* 245 AD2d 555 [1997]). An abutting landowner is not responsible for damage caused to a sidewalk by the roots of a tree (*see Gomez v City of New York, supra*). Therefore, we reject the plaintiff's contention that a different result is required because the tree was located on the defendant's property (*see Gitterman v City of New York,* 300 AD2d 157 [2002]). Florio, J.P., Luciano, Schmidt and Cozier, JJ., concur.