In an action to recover damages for personal injuries, the defendants Kraus Maintenance, Inc., Herman I. Kraus, Kraus Enterprises, Inc., 236-1 Development Corp., and Krause Management, Inc., appeal from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated March 11, 2003, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and granted the plaintiffs cross motion to compel them to produce a certain witness for a deposition.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, the action against the remaining defendants is severed, and the cross motion is denied as academic.
The plaintiff commenced this action to recover damages arising from an alleged trip and fall on a public sidewalk. The appellants own and/or manage nearby property. However, in opposition to the appellants’ prima facie demonstration of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact that the alleged defective condition of the sidewalk was created by the appellants through negligent repairs or otherwise, or that the appellants violated a statute or ordinance which expressly imposed liability on them for failing to maintain and repair the sidewalk (see Devine v City of New York, 300 AD2d 532 [2002]; see also Simmons v Guthrie, 304 AD2d 819 [2003]; Lowenthal v Heidrich Realty Corp., 304 AD2d 725 [2003]).
The plaintiffs mere hope that she would be able to uncover something during additional disclosure was insufficient to warrant the denial of summary judgment (see Connecticut Indem. *347 Co. v Travelers Ins. Co., 300 AD2d 530 [2002]). Indeed, the record indicates that the area of the sidewalk identified by the plaintiff as the situs of her accident does not abut the appellants’ property. Accordingly, the appellants’ motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them should have been granted, and the plaintiffs cross motion to compel the appellants to produce a certain witness for a deposition should have been denied as academic. Ritter, J.E, Krausman, Schmidt and Crane, JJ., concur.