■ CYNTHIA J. PRICE et al., Appellants, v COUNTY OF SUFFOLK et al., Defendants, and VILLAGE OF LINDENHURST et al., Respondents. [787 NYS2d 106]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Klein, J.), entered November 20, 2003, as granted those branches of the separate motions of the defendants Village of Lindenhurst, Herbert Harman's Lounge, Inc., doing business as Station Cafe, and the defendant Teel Realty, Inc., which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The defendants Herbert Harman's Lounge, Inc., doing business as Station Cafe (hereinafter Station Cafe), and Teel Realty, Inc. (hereinafter Teel), were properly awarded summary judgment since the evidence established that the injured plaintiff's accident occurred on a municipal sidewalk and there was no evidence presented that Teel or Station Cafe affirmatively created the defect on the sidewalk upon which the injured plaintiff

tripped and fell or utilized that sidewalk for any special use or benefit (*see Marable v City of New Rochelle*, 284 AD2d 378 [2001]; *Alessi v Zapolsky*, 228 AD2d 531 [1996]).

The defendant Village of Lindenhurst was properly awarded summary judgment since the evidence established that it did not receive prior written notice of the alleged dangerous condition upon which the injured plaintiff allegedly tripped and fell, it did not create the condition through any affirmative act of negligence, and there was no special use which conferred a special benefit on it (*see Price v County of Suffolk*, 303 AD2d 571 [2003]; *Frullo v Incorporated Vil. of Rockville Ctr.*, 274 AD2d 499 [2000]). Florio, J.P., Schmidt, Adams and Cozier, JJ., concur.