■ BERNICE JACKSON, Respondent, v FRANK THOMAS et al., Appellants, et al., Defendants. [826 NYS2d 433]—

In an action to recover damages for personal injuries, the defendants Frank Thomas, Viola Thomas, and Cassandra's Beauty Salon, Inc., appeal from (1) an order of the Supreme

Court, Nassau County (Mahon, J), entered June 29, 2005, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them without prejudice to renew upon appropriate papers, and (2) an order of the same court dated December 6, 2005 which denied their renewed motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the appeal from the order entered June 29, 2005 is dismissed, as that order was superseded by the order dated December 6, 2005; and it is further,

Ordered that the order dated December 6, 2005 is reversed, on the law, the renewed motion for summary judgment dismissing the complaint insofar as asserted against the appellants is granted, and the order entered June 29, 2005 is vacated; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The plaintiff tripped and fell on an alleged sidewalk defect adjacent to property owned by the appellants. After the plaintiff commenced the present action, the appellants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that they did not cause or create the alleged defect, attempt to repair the defect in a negligent manner, or derive any special use from the area where the defect was located. In support of the motion, the appellants submitted, inter alia, photographs which had been taken of the accident site at some point after the occurrence of the accident. The photographs reveal that, at the site where the accident occurred, one sidewalk flag is elevated to a certain degree above the adjacent flag, which is traversed by the appellants' driveway.

In opposition to the motion, the plaintiff's theory of negligence was based on her allegation that the height differential between the two flags was caused by the expansion of the roots of a tree located on the appellants' property, as well as by the appellants' "special use" of the sidewalk as a driveway.

The appellants made out a prima facie case for summary judgment and the plaintiff's opposition failed to raise a triable issue of fact as to whether the appellants created the defective condition (see Simmons v Guthrie, 304 AD2d 819 [2003]). "An abutting landowner is not responsible for damage caused to a sidewalk by the roots of a tree" (id. at 820). Moreover, the photographs which the appellants submitted in support of their motion showed that the defect in the sidewalk was located adjacent to the area which the appellants used as a driveway, and not in the driveway itself. "Where a sidewalk is adjacent to but not part of the area used as a driveway, the plaintiff bears

the burden of proof on a motion for summary judgment of showing that the special use of the sidewalk contributed to the defect" (*Adorno v Carty,* 23 AD3d 590, 591 [2005]). Here, the plaintiff failed to meet her burden. Florio, J.P., Mastro, Spolzino and Skelos, JJ., concur.