■ MICHAEL ROMANO, JR., Respondent, v STANLEY LEGER et al., Defendants, and DOROTHY SINISCALCHI, Appellant. [900 NYS2d 346]—

In an action to recover damages for personal injuries, the defendant Dorothy Siniscalchi appeals from an order of the Supreme Court, Nassau County (Galasso, J.), entered June 15, 2009, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Dorothy Siniscalchi for summary judgment dismissing the complaint insofar as asserted against her is granted.

The plaintiff allegedly was injured when he tripped and fell on an alleged defect in a sidewalk located on land owned by the Village of Lynbrook. The section of the sidewalk where the plaintiff allegedly tripped and fell abutted property owned by the defendant Dorothy Siniscalchi, and the parties do not dispute that the alleged defect was created by the growth of the roots of a tree located on Siniscalchi's property.

An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty (*see Simmons v Guthrie*, 304 AD2d 819 [2003]; *Meyer v Guinta*, 262 AD2d 463 [1999]; *Winberry v City of New York*, 257 AD2d 618 [1999]).

In support of her motion for summary judgment, Siniscalchi established that she did not breach a statutory duty to maintain the sidewalk, she did not affirmatively create the condition which allegedly caused the plaintiff to fall, and she made no special use of the sidewalk where the plaintiff allegedly fell (*see Picone v Schlaich*, 245 AD2d 555 [1997]). Even if the growth of the underground roots of the tree on her property undermined the sidewalk on the land abutting her property, under these circumstances, she is not liable for the plaintiff's injury (*see Simmons v Guthrie*, 304 AD2d 819 [2003]; *Gomez v City of New*

*York*, 238 AD2d 472 [1997]). Additionally, although the applicable provisions of the Village of Lynbrook Code require a property owner to pay for repairs to the abutting sidewalk, it is undisputed that those provisions do not shift tort liability to the *property owner.* Therefore, the Supreme Court should have granted Siniscalchi's motion for summary judgment dismissing the complaint insofar as asserted against her (*see Jackson v Thomas*, 35 AD3d 666 [2006]). Skelos, J.P., Santucci, Lott and Sgroi, JJ., concur.