■ MARGARET STARUCH, Appellant, v 1328 BROADWAY OWN-ERS, LLC, Respondent. (And a Third-Party Action.) [974 NYS2d 796]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Walker, J.), entered April 17, 2012, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On December 10, 2009, the plaintiff allegedly tripped and fell over one of the crowd control barriers which had been installed by the New York Police Department (hereinafter the NYPD) on the sidewalk abutting the defendant's property in Manhattan. The plaintiff subsequently commenced this action, alleging that the defendant violated section 7-210 of the Administrative Code of the City of New York (hereinafter the Administrative Code). The defendant, inter alia, moved for summary judgment dismissing the complaint, contending that it had no duty to maintain the barriers. In support of the motion, the defendant submitted, inter alia, the deposition testimony of its superintendent, which showed that the NYPD erected these barriers annually in November and then removed them in January without any input from the abutting owners. The Supreme Court granted the defendant's motion.

Generally, liability for injuries sustained as a result of dangerous and defective conditions on public sidewalks is placed on the municipality, and not the abutting landowner (*see Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]). However, an abutting landowner will be liable to a pedestrian injured by a defect in a sidewalk where the landowner created the defect, caused the defect to occur by some special use of the sidewalk, or breached a specific ordinance or statute which obligates the owner to maintain the sidewalk (*see Romano v Leger*, 72 AD3d 1059 [2010]; *Farrell v City of New York*, 67 AD3d 859 [2009]; *Smirnova v City of New York*, 64 AD3d 641 [2009]). "Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner" (*Pevzner v 1397 E. 2nd, LLC*, 96 AD3d 921, 922 [2012]; *see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517 [2008]; *Fusco v City of New York*, 71 AD3d 1083 [2010]).

Legislative enactment in derogation of the common law which creates liability where none previously existed must be strictly construed (*see Vucetovic v Epsom Downs, Inc.*, 10 NY3d at 521).

Under the circumstances presented here, the defendant established, prima facie, that the barrier at issue, which was part of a long chain of barriers erected by the NYPD as part of its crowd control measures during the holiday season, was not part of the "sidewalk" for purposes of liability under Administrative Code § 7-210 (*see Vucetovic v Epsom Downs, Inc.*, 10 NY3d at 521-522; *Smirnova v City of New York*, 64 AD3d at 642). Accordingly, Administrative Code § 7-210 is inapplicable and the defendant had no duty to maintain the barriers.

In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The expert evidence submitted in opposition to the defendant's motion was not in admissible form, and the Supreme Court properly declined to entertain it in determining the motion (*see Clarke v Brooklyn Union Gas Co.*, 297 AD2d 779 [2002]).

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. Rivera, J.P., Leventhal, Chambers and Lott, JJ., concur.