■ EDDIE SAUNDERS et al., Appellants, v MARY TARSIA et al., Respondents. [997 NYS2d 909]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Pineda-Kirwan, J.), entered December 21, 2012, which, upon an order of the same court dated October 15, 2012, granting the defendants' motion for summary judgment dismissing the complaint and denying their cross motion for summary judgment on the issue of liability, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

Initially, we note that the plaintiffs previously appealed from the order dated October 15, 2012, upon which the judgment appealed from was entered. That appeal was dismissed by a decision and order on motion of this Court dated August 5, 2013, for failure to timely perfect. While the plaintiffs ordinarily would be precluded from relitigating the issues which could have been raised on the prior appeal (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]), under the circumstances of this case, we exercise our discretion to determine the issues raised on the instant appeal (*see Faricelli v TSS Seedman's*, 94 NY2d 772, 774 [1999]; *Ravina v Hsing Hsung Chuang*, 95 AD3d 1288, 1288-1289 [2012]; *Ho Sports, Inc. v Meridian Sports, Inc.*, 92 AD3d 915, 916 [2012]).

On February 20, 2008, the injured plaintiff allegedly tripped and fell on a sidewalk abutting the defendants' property. The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the subject property was a single-family residence, that it was owner occupied, and that it was used solely for residential purposes (*see* Administrative Code of City of NY § 7-210 [b]), thus exempting them from liability pursuant to Administrative Code of City of NY § 7-210 (b) for the alleged failure to maintain the sidewalk abut-

ting their property (*see Lai-Hor Ng Yiu v Crevatas*, 103 AD3d 691, 691-692 [2013]; *Boorstein v 1261 48th St. Condominium*, 96 AD3d 703, 703-704 [2012]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Lai-Hor Ng Yiu v Crevatas*, 103 AD3d at 692).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint, and denied the plaintiffs' cross motion for summary judgment on the issue of liability. Leventhal, J.P., Chambers, Hall and Duffy, JJ., concur.