■ NELLY SHNEIDER, Appellant, v CITY OF NEW YORK, Defendant, and ANDY YU LIANG et al., Respondents. [8 NYS3d 349]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), dated July 15, 2014, which granted the motion of the defendants Andy Yu Liang Lin and Alice Yim Ling Lin for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for personal injuries after she allegedly tripped and fell on an uneven sidewalk abutting the property of the defendants Andy Yu Liang Lin and Alice Yim Ling Lin (hereinafter together the Lin defendants). The Lin defendants moved for summary judgment dismissing the complaint insofar as asserted against them, and the Supreme Court granted the motion.

The Lin defendants established their prima facie entitlement to judgment as a matter of law. They demonstrated that they were exempt from liability pursuant to Administrative Code of the City of New York § 7-210 (b) for their alleged failure to maintain the sidewalk abutting their property by establishing that the subject property was a single-family residence, that it was owner occupied, and that it was used solely for residential purposes (*see* Administrative Code of City of NY § 7-210 [b]; *Saunders v Tarsia*, 124 AD3d 620 [2015]; *Lai-Hor Ng Yiu v Crevatas*, 103 AD3d 691 [2013]; *Velez v City of New York*, 97 AD3d 813, 814 [2012]; *Soussi v Gobin*, 87 AD3d 580, 581 [2011]).

Further, they established, prima facie, that they could not be held liable for the plaintiff's alleged injuries under common-law principles. "Absent the liability imposed by statute or ordinance, an abutting landowner is not liable to a passerby on a public sidewalk for injuries resulting from defects in the sidewalk unless the landowner either created the defect or caused it to occur by special use" (*Meyer v City of New York*, 114 AD3d 734, 735 [2014]; *see Soussi v Gobin*, 87 AD3d at 581). Here, the Lin defendants established, prima facie, that they did not create the alleged defective condition, and there is no contention in the pleadings that the alleged defect was caused by a special use.

In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court properly granted the Lin defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Sgroi, Maltese and LaSalle, JJ., concur.