■ ANNA IPPOLITO, Respondent, v CHRISTINE INNAMORATO, Appellant, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent. [24 NYS3d 400]—

In an action to recover damages for personal injuries, the defendant Christine Innamorato appeals from an order of the Supreme Court, Richmond County (Dollard, J.), dated November 14, 2014, which denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed, on the law, with one bill of costs, and the motion of the defendant Christine Innamorato for summary judgment dismissing the complaint and all cross claims insofar as asserted against her is granted.

On December 11, 2011, the plaintiff allegedly tripped and fell on a sidewalk abutting premises owned by the defendant Christine Innamorato (hereinafter the appellant). There was a manhole cover owned by the defendant Consolidated Edison Company of New York, Inc. (hereinafter Con Ed), near the area where the plaintiff tripped and fell. In March 2012, the plaintiff commenced this action against the appellant and Con Ed. The appellant moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against her, contending, inter alia, that she was an abutting landowner who had no duty to maintain the public sidewalk where the accident occurred. The Supreme Court denied the motion.

Generally, liability for injuries sustained as a result of dangerous and defective conditions on public sidewalks is placed on the municipality, and not the abutting landowner (*see Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]). "However,

an abutting landowner will be liable to a pedestrian injured by a defect in a sidewalk where the landowner created the defect, caused the defect to occur by some special use of the sidewalk, or breached a specific ordinance or statute which obligates the owner to maintain the sidewalk" (*Staruch v 1328 Broadway Owners, LLC*, 111 AD3d 698, 698 [2013]; *Crawford v City of New York*, 98 AD3d 935 [2012]; *Romano v Leger*, 72 AD3d 1059 [2010]). Here, the appellant established, prima facie, that her property was covered by the exemption for owner-occupied residential property set forth in section 7-210 (b) of the Administrative Code of the City of New York, and that she had no statutory duty to maintain the subject sidewalk (*see Starkou v City of New York*, 128 AD3d 802 [2015]; *Shneider v City of New York*, 127 AD3d 956, 957 [2015]; *Saunders v Tarsia*, 124 AD3d 620 [2015]; *Meyer v City of New York*, 114 AD3d 734 [2014]). Additionally, the appellant established, prima facie, that she did not create the alleged defect or that her use of the sidewalk as a driveway caused the alleged defect to occur (*see generally Katz v City of New York*, 18 AD3d 818 [2005]). In opposition, the plaintiff and Con Ed failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.