JACQUELINE LEWIS, Respondent, v RICHARD PALAZZOLO, Appellant. [40 NYS3d 138]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered August 31, 2015, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the plaintiff's first cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff, a sergeant with the Nassau County Police Department, allegedly was injured while on duty when, while responding to a 911 call, she tripped and fell on the sidewalk in front of the defendant's property. The property is in the Village of East Rockaway, which is in the Town of Hempstead. Thereafter, the plaintiff commenced this action against the defendant, asserting causes of action to recover damages for common-law negligence and pursuant to General Municipal Law § 205-e predicated upon violations of 2007 Property Maintenance Code of New York State §§ 301.2 and 302.3, Code of the Town of Hempstead (hereinafter the Town Code) § 181-11, and Code of the Village of East Rockaway (hereinafter the Village Code) §§ 250-27 and 250-29.

The defendant moved for summary judgment dismissing the complaint. With respect to the first cause of action, alleging common-law negligence, the defendant contended that he did not create the alleged defective condition of the sidewalk, make any repairs to the sidewalk before the accident occurred, or make a special use of the sidewalk which caused the defect. The defendant further contended that there was no local ordinance or statute shifting tort liability for injuries stemming from a defect upon the sidewalk onto him as the abutting property owner. With respect to the second cause of action, which sought to recover damages pursuant to General Municipal Law § 205-e, the defendant argued that the general public could not recover from him as an abutting property owner due to the fact that the Village Code only imposed a duty upon abutting property owners to maintain sidewalks in good repair and did not impose any tort liability upon such owners for failing to do so. The Supreme Court denied the defendant's motion.

Generally, liability for injuries sustained as a result of dangerous and defective conditions on public sidewalks is

placed on the municipality, and not the abutting landowner (*see Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]; *Lahens v Town of Hempstead*, 132 AD3d 954 [2015]; *Maya v Town of Hempstead*, 127 AD3d 1146, 1147 [2015]). "However, an abutting landowner will be liable to a pedestrian injured by a defect in a sidewalk where the landowner created the defect, caused the defect to occur by some special use of the sidewalk, or breached a specific ordinance or statute which obligates the owner to maintain the sidewalk" (*Staruch v 1328 Broadway Owners, LLC*, 111 AD3d 698, 698 [2013]; *see O'Toole v City of Yonkers*, 107 AD3d 866, 867 [2013]; *Romano v Leger*, 72 AD3d 1059, 1059 [2010]).

"In order for a statute, ordinance or municipal charter to impose tort liability upon an abutting owner for injuries caused by his or her negligence, the language thereof must not only charge the landowner with a duty, it must also specifically state that if the landowner breaches that duty he [or she] will be liable to those who are injured" (*Conlon v Village of Pleasantville*, 146 AD2d 736, 737 [1989]; *see Dalder v Incorporated Vil. of Rockville Ctr.*, 116 AD3d 908, 909 [2014]).

Here, the defendant established his prima facie entitlement to judgment as a matter of law dismissing the first cause of action alleging common-law negligence. The defendant's affidavit submitted in support of his motion demonstrated that he did not affirmatively create the condition which allegedly caused the plaintiff to trip and fall, or make a special use of the area of the sidewalk where the plaintiff fell (*see Dalder v Incorporated Vil. of Rockville Ctr.*, 116 AD3d at 909; *Romano v Leger*, 72 AD3d at 1059; *Conlon v Village of Pleasantville*, 146 AD2d at 737). Moreover, neither Village Code §§ 250-27 and 250-29 nor Town Code §§ 181-11 and 181-16 specifically stated that if the abutting landowner breached his duty to properly maintain the sidewalk, he would be liable to those who were injured as a result of that breach (*see Romano v Leger*, 72 AD3d at 1059). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the first cause of action.

However, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the second cause of action, which seeks to recover damages pursuant to General Municipal Law § 205-e. "A police officer seeking to recover under General Municipal Law § 205-e must identify a statute or ordinance with which the defendant failed to comply and must, in addition, set forth facts from

which it may be inferred that the defendant's negligence directly or indirectly caused harm to him or her" (*Link v City of New York*, 34 AD3d 757, 758 [2006] [internal quotation marks omitted]; *see Williams v City of New York*, 2 NY3d 352, 363-364 [2004]; *Galapo v City of New York*, 95 NY2d 568, 574 [2000]; *Casella v City of New York*, 69 AD3d 549, 550 [2010]; *Quinto v New York City Tr. Auth.*, 7 AD3d 689, 689-690 [2004]). As a prerequisite to recovery pursuant to a General Municipal Law § 205-e cause of action, a police officer must demonstrate injury resulting from negligent noncompliance with a requirement found in a well-developed body of law and regulation that imposes clear legal duties (*see Galapo v City of New York*, 95 NY2d at 574; *Gammons v City of New York*, 109 AD3d 189, 196-197 [2013], *affd* 24 NY3d 562 [2014]; *see also Williams v City of New York*, 2 NY3d at 364; *Gonzalez v Iocovello*, 93 NY2d 539, 550 [1999]).

Here, the defendant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the second cause of action. In her complaint and bill of particulars, the plaintiff pleaded, inter alia, 2007 Property Maintenance Code of New York State § 302.3, Town Code § 181-11 and Village Code § 250-27 as statutory predicates for her General Municipal Law § 205-e cause of action. Section 302.3 of the 2007 Property Maintenance Code of New York State (*see* 19 NYCRR 1226.1) has been found by this Court to be a proper predicate for recovery under General Municipal Law § 205-e (*see Byrne v Nicosia*, 104 AD3d 717, 719 [2013]). There is no merit to the defendant's contention that it does not apply to the case at bar because the defendant does not own the sidewalk abutting his property.

Further, section 181-11 of the Town Code and section 250-27 of the Village Code are well-developed bodies of law that impose clear duties upon every property owner to keep his or her sidewalk in good and safe repair. Any person failing to comply with these provisions is guilty of a violation punishable by a fine, a period of imprisonment, or both (*see* Town Code § 181-16; Village Code § 250-29 [A]). "Where criminal liability may be imposed, [this Court] would be 'hard put to find a more well-developed body of law and regulation that imposes clear duties'" (*Mulham v City of New York*, 110 AD3d 856, 858 [2013], quoting *Williams v City of New York*, 2 NY3d at 365). Further, General Municipal Law § 205-e "includes no exceptions; indeed, its language is broad, referring to any of the statutes, ordinances, rules, orders and requirements of virtually any governmental division, which are limited only to the

extent that those provisions are well-developed and impose clear duties" (*Mulham v City of New York*, 110 AD3d at 858).

In addition, there is no merit to the defendant's argument that the New York State Property Maintenance Code and the Village Code and Town Code may not serve as statutory predicates for the plaintiff's General Municipal Law § 205-e cause of action because members of the general public would not be able to bring a private right of action to enforce those code provisions (*see Gammons v City of New York*, 109 AD3d at 201). As a result, the Supreme Court properly determined that the defendant failed to eliminate triable issues of fact as to whether he kept the sidewalk in front of his house in good and safe repair and maintained such sidewalk free from obstructions as required by the applicable Code provisions. Accordingly, that branch of his motion which was for summary judgment dismissing the second cause of action was properly denied regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Chambers, J.P., Austin, Miller and LaSalle, JJ., concur.