■ GEORGIOS MISSIRLAKIS, Respondent, v LOUISE E. MC-CARTHY, Appellant. [43 NYS3d 465]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Butler, J.), entered February 23, 2016, which denied her motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly tripped and fell on an uneven sidewalk abutting the defendant's premises. The plaintiff allegedly sustained personal injuries as a result of the incident, and thereafter commenced this action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending, inter alia, that she was an abutting landowner who had no duty to maintain the public sidewalk where the accident occurred. The Supreme Court denied the motion. The defendant appeals.

"Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner" (*Pevzner v 1397 E. 2nd, LLC*, 96 AD3d 921, 922 [2012]; *see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517 [2008]; *Stoloyvitskaya v Dennis Boardwalk, LLC*, 101 AD3d 1106 [2012]; *Fusco v City of New York*, 71 AD3d 1083, 1084 [2010]). However, this liability shifting provision does not apply to "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (Administrative Code of City of NY § 7-210 [b]; *see Aracena v City of New York*, 136 AD3d 717, 718 [2016]; *Medina v City of New York*, 120 AD3d 1398, 1399 [2014]; *Howard v City of New York*, 95 AD3d 1276, 1276-1277 [2012]). Here, the defendant established, prima facie, that her property was covered by the exemption for owner-occupied residential property set forth in section 7-210

(b) of the Administrative Code of the City of New York, and that she had no statutory duty to maintain the subject sidewalk (*see Ippolito v Innamorato*, 136 AD3d 624, 625 [2016]; *Shneider v City of New York*, 127 AD3d 956, 957 [2015]; *Saunders v Tarsia*, 124 AD3d 620 [2015]; *Meyer v City of New York*, 114 AD3d 734 [2014]).

The defendant also established, prima facie, that she could not be held liable for the plaintiff's injuries under common-law principles. "Absent the liability imposed by statute or ordinance, an abutting landowner is not liable to a passerby on a public sidewalk for injuries resulting from defects in the sidewalk unless the landowner either created the defect or caused it to occur by special use" (*Meyer v City of New York*, 114 AD3d at 735; *see Crawford v City of New York*, 98 AD3d 935, 936 [2012]; *Romano v Leger*, 72 AD3d 1059 [2010]; *Farrell v City of New York*, 67 AD3d 859 [2009]). Here, the defendant established, prima facie, that she did not create the defective condition that allegedly caused the plaintiff's fall, and there is no contention that the defect was caused by a special use.

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's expert's contention that there was a tree or a tree stump located on the defendant's premises at the time of the accident and that its roots caused the subject defect to occur was conclusory and speculative. In any event, "[a]n abutting landowner is not responsible for damage caused to a sidewalk by the roots of a tree" (*Simmons v Guthrie*, 304 AD2d 819, 820 [2003]; *see Romano v Leger*, 72 AD3d 1059 [2010]; *Jackson v Thomas*, 35 AD3d 666 [2006]; *Gomez v City of New York*, 238 AD2d 472 [1997]). Additionally, neither Administrative Code of the City of New York § 19-152 nor 34 RCNY 2-09 (f) expressly imposes liability for injuries resulting from a breach of the duty to maintain the public sidewalk (*see Vrabel v City of New York*, 308 AD2d 443, 444 [2003]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Hall, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.