Brown v City of New York (2018 NY Slip Op 04301)





Brown v City of New York


2018 NY Slip Op 04301


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2016-11841
 (Index No. 507984/14)

[*1]Andre Brown, plaintiff-respondent, 
v
City of New York, defendant-respondent, Ann Paneth, appellant, et al., defendants.


James T. Toomey, New York, NY (Jason Meneses of counsel), for appellant.
Novo Law Firm, P.C., New York, NY (Ilya Novofastovsky of counsel), for plaintiff-respondent.
Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner of counsel), for defendant-respondent (no brief filed).



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Ann Paneth appeals from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated October 7, 2016. The order denied as premature the cross motion of the defendant Ann Paneth for summary judgment dismissing the complaint and all cross claims insofar as asserted against her, with leave to renew upon completion of the depositions of the parties.
ORDERED that the order is reversed, on the law, with one bill of costs, and the cross motion of the defendant Ann Paneth for summary judgment dismissing the complaint and all cross claims insofar as asserted against her is granted.
On June 10, 2013, the plaintiff allegedly tripped and fell on a defective section of sidewalk abutting two properties in Brooklyn. The defendant Ann Paneth owned one of the abutting properties. The plaintiff allegedly sustained personal injuries as a result of this incident and subsequently commenced this action against Paneth, the property owners of the other property which abutted the sidewalk, and the City of New York. The owners of the other abutting property moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and Paneth cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against her, contending that she did not create the alleged defect or cause it to occur through a special use of the sidewalk. She also argued that she was exempt from liability under the provisions of Administrative Code of the City of New York § 7-210(b). The plaintiff and the City opposed the cross motion on the basis that the motion was premature due to outstanding discovery. The Supreme Court denied the cross motion as premature. Paneth appeals.
In 2003, the New York City Council enacted Administrative Code of the City of New York § 7-210, the Sidewalk Law, to shift tort liability for injuries resulting from a defective sidewalk [*2]from the City to abutting property owners (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 520; Gelstein v City of New York, 153 AD3d 604, 605; Johnston v Manley, 150 AD3d 1210, 1211). This provision does not apply to "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (Administrative Code of City of NY § 7-210[b]). "The exemption was provided in recognition that it was inappropriate to expose small-property owners in residence, who have limited resources, to exclusive liability with respect to sidewalk maintenance and repair'" (Johnston v Manley, 150 AD3d at 1211, quoting Coogan v City of New York, 73 AD3d 613, 614).
Here, Paneth established her prima facie entitlement to judgment as a matter of law. She demonstrated that she was entitled to the exemption for owner-occupied residential property set forth in section 7-210(b) of the Administrative Code, by showing that her property was a one-family, owner-occupied residence (see DeBlasi v City of New York, 157 AD3d 656; Missirlakis v McCarthy, 145 AD3d 772, 772-773; Ippolito v Innamorato, 136 AD3d 624, 625; Shneider v City of New York, 127 AD3d 956, 957). Thus, she had no statutory duty to maintain the subject sidewalk (see Missirlakis v McCarthy, 145 AD3d at 773; Ippolito v Innamorato, 136 AD3d at 625).
Moreover, Paneth established, prima facie, that she could not be held liable for the plaintiff's injuries under common-law principles. "Absent the liability imposed by statute or ordinance, an abutting landowner is not liable to a passerby on a public sidewalk for injuries resulting from defects in the sidewalk unless the landowner either created the defect or caused it to occur by special use" (Meyer v City of New York, 114 AD3d 734, 735; see Missirlakis v McCarthy, 145 AD3d at 773; Romano v Leger, 72 AD3d 1059, 1059). Paneth established that she did not create the defective condition that allegedly caused the plaintiff's fall or make a special use of that area of the sidewalk.
In opposition, the plaintiff and the City failed to raise a triable issue of fact. "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Lopez v WS Distrib., Inc., 34 AD3d 759, 760; see Reynolds v Avon Grove Props., 129 AD3d 932, 933). Here, the contentions of the plaintiff and the City that Paneth's cross motion was premature because discovery had not taken place were without merit. The plaintiff and the City failed to demonstrate that discovery might lead to relevant evidence as to Paneth's alleged liability or that facts essential to justify opposition to the cross motion were exclusively within the knowledge and control of Paneth (see Lynn v McCormick, 153 AD3d 688, 689; Reynolds v Avon Grove Props., 129 AD3d at 933).
Accordingly, the Supreme Court should have granted Paneth's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.
DILLON, J.P., AUSTIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court