Hanze v City of New York (2018 NY Slip Op 07705)





Hanze v City of New York


2018 NY Slip Op 07705


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2018-00952
 (Index No. 501884/14)

[*1]Elizabeth M. Hanze, respondent, 
v
City of New York, defendant, Byron Morris, et al., appellants.


Karen L. Lawrence (Sweetbaum & Swetbaum, Lake Success, NY [Joel A. Sweetbaum and Marshall Sweetbaum], of counsel), for appellants.
Law Office of Stefano A. Filippazzo, P.C., Brooklyn, NY (Louis A. Badolato of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Byron Morris and May Morris appeal from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated October 27, 2017. The order denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Byron Morris and May Morris for summary judgment dismissing the complaint insofar as asserted against them is granted.
The plaintiff allegedly was injured when she tripped and fell on a sidewalk abutting the property of the defendants Byron Morris and May Morris (hereinafter together the Morris defendants) in Brooklyn. Thereafter, the plaintiff commenced this action against, among others, the Morris defendants. The Morris defendants moved for summary judgment dismissing the complaint insofar as asserted against them, contending, inter alia, that they owed no duty of care to the plaintiff. The Supreme Court denied the motion, and the Morris defendants appeal.
"Generally, liability for injuries sustained as a result of dangerous and defective conditions on public sidewalks is placed on the municipality, and not the abutting landowner" (Staruch v 1328 Broadway Owners, LLC, 111 AD3d 698, 698; see Hausser v Giunta, 88 NY2d 449, 452-453). "However, an abutting landowner will be liable to a pedestrian injured by a defect in a sidewalk where the landowner created the defect, caused the defect to occur by some special use of the sidewalk, or breached a specific ordinance or statute which obligates the owner to maintain the sidewalk" (Staruch v 1328 Broadway Owners, LLC, 111 AD3d at 698; see Ippolito v Innamorato, 136 AD3d 624, 624-625; Crawford v City of New York, 98 AD3d 935, 936; Romano v Leger, 72 AD3d 1059). Here, the plaintiff alleges that the Morris defendants made special use of the sidewalk by using it as a driveway.
The Morris defendants established, prima facie, that they did not cause the defect to occur through their special use of the sidewalk (see Rodriguez v City of Yonkers, 106 AD3d 802, 802-803; Jackson v Thomas, 35 AD3d 666, 667; cf. Katz v City of New York, 18 AD3d 818, 819). [*2]In support of their motion for summary judgment, they submitted evidence, including the transcripts of the parties' deposition testimony, which demonstrated that the plaintiff tripped and fell on a sidewalk defect that was located on a flagstone that was merely adjacent to a flagstone which the Morris defendants used as a driveway. In opposition, the plaintiff failed to raise a triable issue of fact (cf. Rodriguez v City of Yonkers, 106 AD3d at 803-804). The affidavit of the plaintiff's expert was speculative and, thus, insufficient to raise a triable issue of fact.
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the Supreme Court should have granted the Morris defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., ROMAN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court