Santelices v City of New York (2019 NY Slip Op 01812)





Santelices v City of New York


2019 NY Slip Op 01812


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2017-10845
 (Index No. 7897/14)

[*1]Melita A. Santelices, plaintiff-respondent,
v
City of New York, defendant-respondent, Gaetano Ciaravino, et al., appellants.


Richard T. Lau & Associates, Jericho, NY (Nancy S. Goodman and Michael D. Abneri of counsel), for appellants.
Prado & Tuy, New York, NY (Dennis Feliciano of counsel), for plaintiff-respondent.
Zachary W. Carter, Corporation Counsel, New York, NY (Richard Dearing and Dona B. Morris of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Gaetano Ciaravino and Nancy Ciaravino appeal from an order of the Supreme Court, Queens County (Howard G. Lane, J.), dated August 15, 2017. The order denied the motion of the defendants Gaetano Ciaravino and Nancy Ciaravino for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is reversed, on the law, with one bill of costs, and the motion of the defendants Gaetano Ciaravino and Nancy Ciaravino for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.
The plaintiff allegedly was injured when she tripped and fell on an uneven sidewalk abutting property in Queens owned by the defendants Gaetano Ciaravino and Nancy Ciaravino (hereinafter together the defendants). At the time of the accident, the defendants were the sole occupants of a one-family residence at the property. The plaintiff commenced this action against the defendants and the City of New York to recover damages for personal injuries, and the City interposed an answer with cross claims against the defendants. The defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, arguing that they did not have a statutory duty to maintain the sidewalk abutting their property, and that they did not create the alleged defective condition or cause it to occur by special use of the sidewalk. The Supreme Court denied the motion, and the defendants appeal.
"Absent the liability imposed by statute or ordinance, an abutting landowner is not liable to a passerby on a public sidewalk for injuries resulting from defects in the sidewalk unless the landowner either created the defect or caused it to occur by special use" (Meyer v City of New York, 114 AD3d 734, 735; see Missirlakis v McCarthy, 145 AD3d 772, 773; Romano v Leger, 72 AD3d 1059). Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not have a statutory duty to maintain the sidewalk abutting [*2]their property (see Administrative Code of City of NY § 7-210[b]), and that they did not create the defective condition that allegedly caused the plaintiff's fall or cause it to occur by special use (see generally Lagawo v Myers, 149 AD3d 1056, 1057; Lindesay v City of New York, 56 AD3d 532, 533; Sammarco v City of New York, 16 AD3d 657, 658; see also Grant v Schwartz, 276 AD2d 526, 527). In opposition, neither the plaintiff nor the City argued that the defendants had a statutory duty to maintain the sidewalk. Furthermore, neither the plaintiff nor the City raised a triable issue of fact as to whether the defendants created the condition or caused it to occur by special use.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
MASTRO, J.P., ROMAN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court