Cerbone v Lauriano (2019 NY Slip Op 02056)





Cerbone v Lauriano


2019 NY Slip Op 02056


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-10704
 (Index No. 12080/15)

[*1]Tatiana Cerbone, appellant, 
v
Olga Lauriano, et al., defendants third-party plaintiffs-respondents; City of New York, third-party defendant-respondent.


Abbott Bushlow & Schechner, LLP, Ridgewood, NY (Bruce E. Bushlow of counsel), for appellant.
Martyn & Martyn, Mineola, NY (Megan C. Brady of counsel), for defendants third-party plaintiffs-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated August 21, 2017. The order, insofar as appealed from, granted the motion of the defendants, Olga Lauriano and Olga L. Lauriano, for summary judgment dismissing the amended complaint insofar as asserted against them and, in effect, searched the record and awarded summary judgment to the City of New York.
ORDERED that the order is modified, on the law, by deleting the provision thereof which, in effect, searched the record and awarded summary judgment to the City of New York; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants, Olga Lauriano and Olga L. Lauriano, payable by the plaintiff.
On July 10, 2015, at about 10:15 a.m., the plaintiff allegedly sustained personal injuries when she tripped and fell on a defect on a sidewalk abutting property owned by the defendants Olga Lauriano and Olga L. Lauriano (hereinafter together the homeowners). The homeowners answered the complaint and commenced a third-party action against the City of New York. The plaintiff thereafter interposed an amended complaint in which she asserted a new cause of action directly against the City (see CPLR 1009; Ruiz v Griffin, 50 AD3d 1007). Thereafter, the homeowners moved for summary judgment dismissing the amended complaint insofar as asserted against them. The Supreme Court granted the motion and, in effect, searched the record and awarded summary judgment to the City. The plaintiff appeals. While the homeowners filed a respondents' brief on the appeal, the City has not filed a brief.
"Absent the liability imposed by statute or ordinance, an abutting landowner is not liable to a passerby on a public sidewalk for injuries resulting from defects in the sidewalk unless the landowner either created the defect or caused it to occur by special use" (Meyer v City of New York, 114 AD3d 734, 735; see Missirlakis v McCarthy, 145 AD3d 772; Romano v Leger, 72 AD3d 1059). Here, the homeowners demonstrated, prima facie, that they did not create the defective condition that allegedly caused the plaintiff's fall. There is no contention that the defect was caused by a special use, and the plaintiff concedes that the homeowners are exempt from the liability imposed pursuant to Administrative Code of the City of New York § 7-210(b). In opposition, the [*2]plaintiff failed to raise a triable issue of fact.
However, the Supreme Court should not have, in effect, searched the record and awarded summary judgment to the City, which did not move for such relief. "A court may search the record and grant summary judgment in favor of a nonmoving party only with respect to a cause of action or issue that is the subject of the motions before the court" (Dunham v Hilco Constr. Co., 89 NY2d 425, 429-430). Since no party made any motion with respect to the plaintiff's direct cause of action against the City contained in the amended complaint, the court should not have granted relief with respect to that cause of action (see Rodriguez v Sol Goldman Invs., LLC, 115 AD3d 659, 660; Lima v NAB Constr. Corp., 59 AD3d 395, 397). Accordingly, we modify the court's order by deleting the provision thereof which, in effect, searched the record and awarded summary judgment to the City.
We note that, in resolving this appeal, we have not considered the arguments raised in Point I of the plaintiff's brief to the extent that they relate to a subsequent order of the same court dated January 10, 2018, as such arguments are not properly before this Court.
SCHEINKMAN, P.J., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court