Branach v Belvedere VIII, LLC (2020 NY Slip Op 08032)





Branach v Belvedere VIII, LLC


2020 NY Slip Op 08032


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2019-01397
 (Index No. 503700/17)

[*1]Ludwik Branach, plaintiff-respondent, 
v
Belvedere VIII, LLC, et al., defendants, Chana Goodman, appellant, City of New York, defendant-respondent.


James J. Toomey, New York, NY (Jason Meneses of counsel), for appellant.
William Schwitzer & Associates, P.C., New York, NY (D. Allen Zachary of counsel), for plaintiff-respondent.
James E. Johnson, Corporation Counsel, New York, NY (Claude S. Platton and Eva L. Jerome of counsel), for defendant-respondent.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendant Chana Goodman appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated November 16, 2018. The order denied, as premature, that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.
ORDERED that the order is reversed, on the law, with one bill of costs, and the motion of the defendant Chana Goodman for summary judgment dismissing the complaint and all cross claims insofar as asserted against her is granted.
On October 13, 2016, the plaintiff allegedly tripped and fell on a defective sidewalk abutting two properties in Brooklyn. Thereafter, the plaintiff commenced the instant action against, among others, the defendant Chana Goodman, who owned one of the abutting properties, and the defendant City of New York. Goodman moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. In an order dated November 16, 2018, the Supreme Court denied Goodman's motion as premature. Goodman appeals, and we reverse.
Goodman established, prima facie, that she was entitled to the exemption for owner-occupied residential property set forth in section 7-210(b) of the Administrative Code of the City of New York, and that she had no statutory duty to maintain the subject sidewalk (see Brown v City of New York, 162 AD3d 733, 735; Missirlakis v McCarthy, 145 AD3d 772, 772-773; Ippolito v Innamorato, 136 AD3d 624, 625). Moreover, Goodman established, prima facie, that she did not create the defective condition that allegedly caused the plaintiff's fall or make a special use of that area of the sidewalk (see Missirlakis v McCarthy, 145 AD3d at 773).
In opposition, the plaintiff and the City failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery [*2]process is insufficient to deny the motion" (Sterling Natl. Bank v Alan B. Brill, P.C., 186 AD3d 515, 518 [internal quotation marks omitted]).
Accordingly, the Supreme Court should have granted Goodman's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.
RIVERA, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court