Wilson v 1025 II, LLC (2026 NY Slip Op 00940)

Wilson v 1025 II, LLC

2026 NY Slip Op 00940

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2024-12436
 (Index No. 617249/22)

[*1]Eileen A. Wilson, appellant, 
v1025 II, LLC, respondent, et al., defendants.

The Odierno Law Firm, P.C., Melville, NY (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Ross Friscia], of counsel), for appellant.
Fishman and Cabrera, Melville, NY (Kevin P. Slattery of counsel), for respondent.
Richard Nicolello, Town Attorney, Manhasset, NY (Susan Schmidt of counsel), for defendant Town of North Hempstead.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Gary M. Carlton, J.), entered September 26, 2024. The order, insofar as appealed from, granted the cross-motion of the defendant 1025 II, LLC, for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when she tripped upon a raised portion of a sidewalk abutting property owned by the defendant 1025 II, LLC (hereinafter the owner). The plaintiff commenced this action against, among others, the owner to recover damages for personal injuries. The owner cross-moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted the motion. The plaintiff appeals.
An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty (see O'Brien v Village of Babylon, 196 AD3d 494, 495). Here, the owner established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating that it did not create the condition, cause the defect to occur by some special use of the sidewalk, or breach a specific ordinance or statute which obligated it to maintain the sidewalk (see Brennan v Town of N. Hempstead, 122 AD3d 892, 893). In opposition, the plaintiff failed to raise a triable issue of fact. Although the plaintiff contends that the owner's failure to maintain a nearby tree on its property led the tree's roots to cause the alleged sidewalk defect, even if this is correct, "[a]n abutting landowner is not responsible for damage caused to a sidewalk by the roots of a tree" (Simmons v Guthrie, 304 AD2d 819, 820; see Romano v Leger, 72 AD3d 1059, 1059-1060).
Accordingly, the Supreme Court properly granted the owner's cross-motion for [*2]summary judgment dismissing the complaint insofar as asserted against it.
BARROS, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court