■ EILEEN COOGAN, Appellant, v CITY OF NEW YORK, Defendant, and NICHOLAS EDWARD KRASNO, Respondent. [900 NYS2d 645]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered March 2, 2009, which, to the extent appealed from as limited by the briefs, granted defendant Krasno's motion for summary judgment dismissing the complaint against him, unanimously affirmed, without costs.

Dismissal of the complaint was justified in light of the exemption afforded to "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (Administrative Code of City of NY § 7-210 [b]). In support of his motion, Krasno submitted a personal affidavit that he had neither used the premises for a "home office" nor claimed any part thereof as an income tax deduction. Assuming, without deciding, that he may occasionally use his laptop computer for research, such use was merely incidental to his residential use of the property (see Vargas v Rodriguez, 2007 NY Slip Op 32638[U] [2007]).

The purpose of the exception in the Code is to recognize the inappropriateness of exposing small-property owners in residence, who have limited resources, to exclusive liability with respect to sidewalk maintenance and repair (see Gangemi v City of New York, 13 Misc 3d 1112, 1121 n 2 [2006], citing Report of Infrastructure Div, Comm on Transp of Council of City of NY, Nov. 12, 2002 [in support of enactment of the 2003 amendment to section 7-210]). There is no reason to extend the statute's reach to encompass this defendant. Generally, a legislative enactment that is unambiguous and whose purpose is unequivocal should be construed in accordance with the ordinary meaning of its words, and literal and narrow interpretations that would thwart such purpose should be avoided (see Matter of Town of New Castle v Kaufmann, 72 NY2d 684, 686 [1988]). Concur—Tom, J.P., Sweeny, Moskowitz, DeGrasse and Manzanet-Daniels, JJ.