■ HAMPSON A. SISLER, Respondent, v CITY OF NEW YORK, Respondent, and JACQUELINE SCHNABEL, Appellant, et al., Defendant. [924 NYS2d 329]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered December 7, 2010, which, to the extent appealed from as limited by the briefs, denied defendant Schnabel's motion for summary judgment dismissing the complaint and all cross claims against her, unanimously affirmed, without costs.

Defendant failed to make a prima facie showing that she was

exempt from liability under Administrative Code of City of NY § 7-210 (b). She testified that she regularly performed a variety of tasks pertaining to her shoe business from her home, such as processing orders, sending business-related faxes, and working on shoe designs. She also stated that for years preceding the incident she had employed two individuals who performed similar tasks; one of them worked there three times a week, while the other visited occasionally. Defendant's tax forms show that the business generated substantial revenues and that defendant listed her home address as her business address. This evidence fails to demonstrate the absence of a triable issue of fact whether defendant's real property was "used exclusively for residential purposes" (*see* Administrative Code § 7-210 [b]; *Coogan v City of New York*, 73 AD3d 613 [2010]; *see also Matter of Town of New Castle v Kaufmann*, 72 NY2d 684, 687 [1988]). We note that issues of fact also exist whether the defect in the sidewalk was caused by defendant's negligent repair (*see Grossman v Amalgamated Hous. Corp.*, 298 AD2d 224 [2002]). Concur—Tom, J.P., Saxe, Moskowitz, Acosta and Abdus-Salaam, JJ. **[Prior Case History: 2010 NY Slip Op 33359(U).]**