█ ELVIN JAVIER MORENO, Respondent, v MOORLEADHER JANAK SHANKER et al., Appellants. [941 NYS2d 216]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Silber, J.), dated June 30, 2011, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff claims that he was injured on December 3, 2009, when he slipped and fell on the sidewalk in front of a building owned by the defendants. The plaintiff commenced this action alleging that the defendants were liable for failing to maintain the sidewalk in a reasonably safe condition. At the time of the plaintiff's fall, the building was undergoing renovation. On September 23, 2010, or almost 10 months after the accident occurred, the New York City Department of Buildings issued a final certificate of occupancy for the building. This certificate stated that the "Altered" building contained four dwelling units. The defendants moved for summary judgment, contending that at the time of the accident, they were exempt from liability under the provisions of Administrative Code of the City of New York § 7-210. This section imposes liability upon property owners for injuries which result from their failure to maintain the abutting sidewalk in a safe condition, but also provides an exception thereto for "one-, two- or three-family residential real property that is . . . owner occupied" (Administrative Code § 7-210 [b] [i]). The Supreme Court denied the motion, stating that the defendants "do not make out a prima facie case for the relief requested. The only evidence in the motion is a [certificate of occupancy] for a 4 family house, which is not exempt [under Administrative Code § 7-210]."

The defendants established their prima facie entitlement to judgment as a matter of law by submitting proof that they were exempt from liability pursuant to Administrative Code § 7-210. The only evidence in the record regarding the configuration of the building prior to the issuance of a four-family certificate of occupancy was the deposition testimony of the defendant Kemjar Shanker, who testified that the building was a "two

stor[y]," "two family," "residential building" with "an apartment on the first floor and an apartment on the second floor." Such evidence was sufficient to establish, prima facie, that the building was a two-family residence when the accident took place (*see Soussi v Gobin*, 87 AD3d 580 [2011]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Massey v Newburgh W. Realty, Inc.*, 84 AD3d 564 [2011]; *Levine v Kadison*, 70 AD3d 651 [2010]; *Morales v Morales*, 55 AD3d 306 [2008]; *Malenda v Great Atl. & Pac. Tea Co., Inc.*, 50 AD3d 972 [2008]; *Strange v Colgate Design Corp.*, 6 AD3d 422 [2004]). Contrary to the plaintiff's contention, for purposes of Administrative Code § 7-210, the fact that the building was ultimately converted to a four-family residence did not deprive the defendants of the statutory exemption from liability at the time of the occurrence of the accident. The defendants also established, prima facie, that when the accident took place, the premises were "owner occupied" as that term is used in Administrative Code § 7-210 (b) (i), despite the fact that they temporarily relocated from the premises in order to accommodate the renovation work (*see generally Yerdon v Lyon*, 259 AD2d 864, 865 [1999]; *Matter of Masters v Board of Assessors*, 188 AD2d 471 [1992]).

In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint (*see Giuffrida v Citibank Corp.*, 100 NY2d 72, 81 [2003]; *Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Balkin, J.P., Eng, Hall and Sgroi, JJ., concur.