In an action to recover damages for personal injuries, the defendant Kathryn Smith appeals from an order of the Supreme Court, Kings County (Ash, J.), dated September 28, 2011, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her.
Ordered that the order is affirmed, with costs.
In 2003, the New York City Council enacted section 7-210 of the Administrative Code of the City of New York to shift tort liability for injuries resulting from defective sidewalks from the City to abutting property owners (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 519-520 [2008]). However, this liability shifting provision does not apply to “one-, two- or three-family resi *1277 dential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes” (Administrative Code § 7-210 [b]). “The purpose of the exception in the Code is to recognize the inappropriateness of exposing small-property owners in residence, who have limited resources, to exclusive liability with respect to sidewalk maintenance and repair” (Coogan v City of New York, 73 AD3d 613, 614 [2010]; see Gangemi v City of New York, 13 Misc 3d 1112, 1120 n 2 [2006]).
Here, the defendant property owner, Kathryn Smith, failed to make a prima facie showing that she is entitled to judgment as a matter of law on the theory that she is exempt from liability pursuant to Administrative Code § 7-210 (b). Although Smith submitted proof that the subject property is a two-family residence, her own deposition testimony raises an issue of fact as to whether the premises were “owner occupied” within the meaning of Administrative Code § 7-210 (b) (see Acevedo v Rodriguez, 20 Misc 3d 1122[A], 2008 NY Slip Op 51518[U] [2008]; cf. Moreno v Shanker, 93 AD3d 829 [2012]). Accordingly, the Supreme Court properly denied Smith’s motion for summary judgment dismissing the complaint insofar as asserted against her, regardless of the sufficiency of the plaintiff’s opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Smith’s contention that she is entitled to summary judgment because the sidewalk defect which allegedly caused the plaintiff’s fall was open and obvious and not inherently dangerous is raised for the first time on appeal, and is thus not properly before this Court (see Van Salisbury v Elliott-Lewis, 55 AD3d 725, 726-727 [2008]; see also Quinones v Federated Dept. Stores, Inc., 92 AD3d 931 [2012]; ATC Healthcare, Inc. v Goldstein Golub Kessler, LLP, 92 AD3d 820, 821 [2012]). Dillon, J.P., Eng, Belen and Sgroi, JJ., concur.