*814 The plaintiff Petranila Velez claims that she was injured on April 21, 2006, when she slipped or tripped and fell on the sidewalk between premises known as 429 7th Street and 431 7th Street in Brooklyn. Velez, and her husband suing derivatively, commenced this action alleging that the defendants were liable for failing to maintain the sidewalk in a reasonably safe condition. The defendant 431 7th Street Housing Corporation (hereinafter the defendant 431) moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that it was exempt from the liability imposed by Administrative Code of the City of New York § 7-210 on the owner of real property abutting a defective sidewalk because it was a three-family owner-occupied property used exclusively for residential purposes. In the order appealed from, the Supreme Court, inter alia, denied the motion. This was error.
The defendant 431 established its prima facie entitlement to judgment as a matter of law by demonstrating through the affidavit and deposition testimony of one of its officers that the subject property was a three-family owner-occupied building used exclusively for residential purposes and, therefore, was exempt from the liability imposed pursuant to Administrative Code of the City of New York § 7-210 (b) (see Administrative Code of City of NY § 7-210 [b]; Moreno v Shanker, 93 AD3d 829, 829-830 [2012]; Soussi v Gobin, 87 AD3d 580, 581 [2011]). In opposition, the plaintiffs and the defendant City of New York failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have granted the motion of the defendant 431 for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Skelos, J.P., Balkin, Lott and Miller, JJ., concur.