RITA MEYER, Appellant, v CITY OF NEW YORK et al., Defendants, and FAITH CHERIPKO et al., Respondents. [980 NYS2d 482]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Landicino, J.), dated January 14, 2013, as granted the motion of the defendants Faith Cheripko, Mary Amato, Joyce Molinari, and Theresa Fitzpatrick for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when she tripped and fell on a defective sidewalk abutting real property owned by the respondents Faith Cheripko, Mary Amato, Joyce Molinari, and Theresa Fitzpatrick. After discovery was completed, the respondents moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that, under section 7-210 of the Administrative Code of the City of New York (hereinafter the Sidewalk Law), they were not subject to liability for the alleged defect in the sidewalk.

The Sidewalk Law was enacted in 2003 to shift tort liability for injuries resulting from defective sidewalks from the City to abutting property owners. It provides that the owner of real property abutting a sidewalk shall be liable for any injury proximately caused by the failure of the owner to maintain the sidewalk in a reasonably safe condition (see Administrative Code § 7-210 [b]; Howard v City of New York, 95 AD3d 1276, 1276 [2012]). The Sidewalk Law, however, exempts from liability "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (Administrative Code § 7-210 [b]). This exemption recognizes " 'the inappropriateness of exposing small-property owners in residence, who have limited resources, to exclusive liability with respect to sidewalk maintenance and repair' " (Howard v City of New York, 95 AD3d at 1277, quoting Coogan v City of New York, 73 AD3d 613, 614 [2010]).

Here, the respondents established prima facie that their property was covered by the exemption (see Boorstein v 1261 48th St. Condominium, 96 AD3d 703, 703-704 [2012]; Moreno v Shanker, 93 AD3d 829, 829-830 [2012]; Soussi v Gobin, 87 AD3d

580, 580-581 [2011]). In support of their motion, the respondents submitted, inter alia, deposition testimony and affidavits that established that the one-story structure abutting the portion of the sidewalk where the plaintiff fell was attached to the home in which one of the respondents lived by herself, and that it was used exclusively for storage of the family's personal belongings. Thus, although a certificate of occupancy issued no later than 1959 provided that the structure's permissible use was commercial, and deposition testimony established that the structure had been used commercially prior to 1993, the respondents established that the present use of the property was entirely residential. Accordingly, the court properly determined that the respondents were entitled to the exemption (*see Moreno v Shanker*, 93 AD3d at 829-830).

The respondents also established prima facie that they could not be held liable for the plaintiff's injuries under common-law principles. Absent the liability imposed by statute or ordinance, an abutting landowner is not liable to a passerby on a public sidewalk for injuries resulting from defects in the sidewalk unless the landowner either created the defect or caused it to occur by special use (*see Zektser v City of New York*, 18 AD3d 869, 869 [2005]; *Jeanty v Benin*, 1 AD3d 566, 567 [2003]). Here, the respondents established prima facie that they did not create the defective condition that allegedly caused the plaintiff's accident. Moreover, there is no contention that the defect was caused by a special use.

In opposition to the respondents' prima facie showing, the plaintiff failed to demonstrate the existence of a triable issue of fact (*see Moreno v Shanker*, 93 AD3d at 830).

The plaintiff's remaining contentions are either without merit or not properly before this Court.

Accordingly, the Supreme Court properly granted the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them. Balkin, J.P., Chambers, Lott and Hinds-Radix, JJ., concur.