■ JOSE MEDINA, Appellant, v CITY OF NEW YORK, Appellant, and DANIEL SCHECTER, Respondent. [993 NYS2d 141]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated May 10, 2013, as granted that branch of the motion of the defendant Daniel Schecter which was for summary judgment dismissing the complaint insofar as asserted against him, and the defendant City of New York separately appeals, as limited by its brief, from so much of the same order as granted that branch of the motion which was for summary judgment dismissing the cross claims against him.

Ordered that the order is reversed, on the law, with one bill of costs, and the motion of the defendant Daniel Schecter for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is denied.

"Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner" (*Pevzner v 1397 E. 2nd, LLC*, 96 AD3d 921, 922 [2012]; *see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 520 [2008]; *Howard v City of New York*, 95 AD3d 1276 [2012]). However, this liability shifting provision does not apply to the failure to remove snow and ice from the sidewalk of "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (Administrative Code of City of NY § 7-210 [b]). The purpose of the exception is to recognize " 'the inappropriateness of exposing small-property owners in residence, who have limited resources, to exclusive liability with respect to sidewalk maintenance and repair' " (*Howard v City of New York*, 95 AD3d at 1277, quoting *Coogan v City of New York*, 73 AD3d 613, 614 [2010]).

Here, the defendant property owner, Daniel Schecter, failed to make a prima facie showing that he is entitled to judgment as a matter of law on the theory that he is exempt from liability pursuant to Administrative Code of City of NY § 7-210 (b). Although there was evidence that the subject property was a three-family residence, Schecter's own deposition testimony raises issues of fact as to whether the premises were "owner occupied" within the meaning of Administrative Code § 7-210 (b) (*see Howard v City of New York*, 95 AD3d at 1277; *cf. Moreno v Shanker*, 93 AD3d 829, 830 [2012]). Accordingly, the Supreme Court erred in granting Schecter's motion for summary judgment. Rivera, J.P., Roman, Sgroi and LaSalle, JJ., concur.