■ FRANCISCA BISONO, Respondent, v KAREN M. QUINN et al., Appellants. [4 NYS3d 226]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Lewis, J.), dated August 15, 2014, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she tripped and fell on a defect in a sidewalk abutting a detached garage of a two-family residential property owned by the defendants.

Generally, liability for injuries sustained as a result of dangerous and defective conditions on public sidewalks is placed on the municipality, and not the abutting landowner (*see Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]). "However, an abutting landowner will be liable to a pedestrian injured by a defect in a sidewalk where the landowner created the defect, caused the defect to occur by some special use of the sidewalk, or breached a specific ordinance or statute which obligates the owner to maintain the sidewalk" (*Staruch v 1328 Broadway Owners, LLC*, 111 AD3d 698, 698 [2013]; *see Crawford v City of New York*, 98 AD3d 935 [2012]; *Romano v Leger*, 72 AD3d 1059 [2010]).

"Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner" (*Pevzner v 1397 E. 2nd, LLC*, 96 AD3d 921, 922 [2012]; *see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517 [2008]). However, this liability shifting provision does not apply to "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (Administrative Code of City of NY § 7-210 [b]; *see Meyer v City of New York*, 114 AD3d 734 [2014]; *Velez v City of New York*, 97 AD3d 813 [2012]; *Moreno v Shanker*, 93 AD3d 829 [2012]). "The purpose of the exception . . . is to recognize the inappropriateness of exposing small-property owners in residence, who have limited resources, to exclusive liability with respect to sidewalk maintenance and repair" (*Coogan v City of New York*, 73 AD3d 613, 614 [2010]; *see Medina v City of New York*, 120 AD3d 1398,

1399 [2014]; *Howard v City of New York*, 95 AD3d 1276, 1277 [2012]). Legislative enactments in derogation of the common law which create liability where none previously existed must be strictly construed (*see Vucetovic v Epsom Downs, Inc.*, 10 NY3d at 521).

Here, the defendants failed to establish, prima facie, that their two-family residential property was owner occupied and that they were exempt from liability pursuant to Administrative Code of the City of New York § 7-210 (b) (*see Howard v City of New York*, 95 AD3d at 1277; *cf. Lai-Hor Ng Yiu v Crevatas*, 103 AD3d 691 [2013]). The defendants also failed to establish, prima facie, that the defect did not arise as a result of their special use of the sidewalk as a driveway (*see generally Campos v Midway Cabinets, Inc.*, 51 AD3d 843 [2008]; *Adorno v Carty*, 23 AD3d 590 [2005]; *Katz v City of New York*, 18 AD3d 818 [2005]). Since the defendants failed to meet their initial burden as the movant, the burden never shifted to the plaintiff to submit evidence sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Austin, Roman and LaSalle, JJ., concur.