■ MANUEL ARACENA, Respondent, v CITY OF NEW YORK et al., Appellants. [25 NYS3d 266]—

In an action to recover damages for personal injuries, the defendants separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Baynes, J.), dated December 6, 2013, as denied their separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff alleges that he was injured when he tripped and fell on a sidewalk that abuts premises owned by the defendant 709 Bushwick Avenue, LLC (hereinafter Bushwick). The plaintiff thereafter commenced this action against Bushwick and the defendant City of New York alleging, inter alia, that each defendant was negligent in maintaining the sidewalk. The defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court denied the motions, and the defendants separately appeal. We affirm.

Prior to the adoption of section 7-210 of the Administrative Code of the City of New York, property owners had a statutory duty to maintain sidewalks abutting their property, but failure to comply generally resulted in fines rather than tort liability (*see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 519-520 [2008]). "[T]he City, as the owner of the sidewalks, generally remained liable for injuries to pedestrians caused by defective sidewalk flags, subject to the requirements of the prior written notice law" (*id.* at 520). "An abutting landowner could be held liable only if the owner affirmatively created the dangerous sidewalk condition, negligently made repairs or used the sidewalk in a special manner for its own benefit" (*id.*; *see Hausser v Giunta*, 88 NY2d 449, 453 [1996]).

"In 2003, the New York City Council enacted section 7-210 of the Administrative Code of the City of New York to shift tort liability for injuries resulting from defective sidewalks from the

City to abutting property owners," unless the abutting property is a "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (*Howard v City of New York*, 95 AD3d 1276, 1276-1277 [2012]; *see* Administrative Code of City of NY § 7-210 [b]; *Vucetovic v Epsom Downs, Inc.*, 10 NY3d at 520; *Medina v City of New York*, 120 AD3d 1398, 1399 [2014]). The purpose of the exception is to recognize " 'the inappropriateness of exposing small-property owners in residence, who have limited resources, to exclusive liability with respect to sidewalk maintenance and repair' " (*Howard v City of New York*, 95 AD3d at 1277, quoting *Coogan v City of New York*, 73 AD3d 613, 614 [2010]).

Here, Bushwick moved for summary judgment on the ground that it was exempt from liability pursuant to section 7-210 (b) of the Administrative Code because the subject property was an owner-occupied, two-family dwelling that was used exclusively for residential purposes. The City separately moved for summary judgment, conversely arguing that section 7-210 (b) of the Administrative Code shifted liability to Bushwick because the subject property was not an owner-occupied one-, two-, or three-family dwelling at the time of the incident, and was not used exclusively for residential purposes. However, neither Bushwick nor the City established its prima facie entitlement to judgment as a matter of law (*see Bisono v Quinn*, 125 AD3d 704, 705 [2015]; *Medina v City of New York*, 120 AD3d at 1399; *Acevedo v Rodriguez*, 20 Misc 3d 1122[A], 2008 NY Slip Op 51518[U] [Sup Ct, Richmond County 2008]). The defendants' submissions demonstrated the existence of triable issues of fact as to whether the subject property was a two-family residence or a multi-use residence. Moreover, the president of Bushwick testified at her deposition, a transcript of which was submitted by Bushwick in support of its motion, that at the time of the accident, the property was being renovated and that neither she nor anyone else was living in the property, demonstrating the existence of triable issues of fact as to whether the property was "owner occupied" within the meaning of section 7-210 (b) of the Administrative Code (*see Medina v City of New York*, 120 AD3d at 1399; *Howard v City of New York*, 95 AD3d at 1277; *Moreno v Shanker*, 93 AD3d 829, 830 [2012]).

Since the defendants each failed to demonstrate their prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied their separate motions for summary judgment dismissing the complaint insofar as asserted against

each of them, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Bushwick's contention that it is entitled to summary judgment because it did not cause or create the condition, or make special use of the sidewalk, raised for the first time on appeal, is not properly before this Court (*see Howard v City of New York*, 95 AD3d at 1277; *Van Salisbury v Elliott-Lewis*, 55 AD3d 725, 726-727 [2008]). Balkin, J.P., Dickerson, Duffy and LaSalle, JJ., concur.