■ MING HSIA, Respondent, v IRVING VALLE et al., Appellants. [48 NYS3d 169]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dufficy, J.), entered October 28, 2015, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff allegedly slipped and fell on an icy condition on a sidewalk abutting property owned by the defendants and commenced this action to recover damages. The defendants moved for summary judgment dismissing the complaint. The Supreme Court, inter alia, denied the motion. The defendants appeal.

"The owner or lessee of property abutting a public sidewalk is under no duty to remove ice and snow that naturally accumulates upon the sidewalk unless a statute or ordinance specifically imposes tort liability for failing to do so" (*Bruzzo v County of Nassau*, 50 AD3d 720, 721 [2008]; *see Bleich v*

*Metropolitan Mgt., LLC*, 132 AD3d 933, 935 [2015]; *Schron v Jean's Fine Wine & Spirits, Inc.*, 114 AD3d 659, 660 [2014]). "In the absence of a statute or ordinance imposing tort liability on the lessee, it can be held liable only if it, or someone on its behalf, undertook snow and ice removal efforts which made the naturally-occurring conditions more hazardous" (*Schron v Jean's Fine Wine & Spirits, Inc.*, 114 AD3d at 660-661; *see Ferguson v Shu Ham Lam*, 74 AD3d 870, 871 [2010]; *Robles v City of New York*, 56 AD3d 647, 647-648 [2008]).

In 2003, the New York City Council enacted section 7-210 of the Administrative Code of the City of New York to shift tort liability for injuries resulting from hazardous sidewalk conditions from the City to abutting property owners (*see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 519-520 [2008]). However, this liability shifting provision does not apply to "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (*see* Administrative Code of City of NY § 7-210 [b]). "The purpose of the exception in the Code is to recognize the inappropriateness of exposing small-property owners in residence, who have limited resources, to exclusive liability with respect to sidewalk maintenance and repair" (*Coogan v City of New York*, 73 AD3d 613, 614 [2010]; *see Aracena v City of New York*, 136 AD3d 717, 718 [2016]; *Meyer v City of New York*, 114 AD3d 734 [2014]; *Howard v City of New York*, 95 AD3d 1276, 1277 [2012]).

Here, the defendants established, prima facie, that as owners of a two-family residential property which was owner occupied, they were exempt from liability pursuant to section 7-210 (b) of the Administrative Code (*see Kronenberg v Narayan*, 135 AD3d 711, 712 [2016]; *Villamar v Pacheco*, 135 AD3d 853 [2016]; *Starkou v City of New York*, 128 AD3d 802 [2015]; *Lai-Hor Ng Yiu v Crevatas*, 103 AD3d 691 [2013]). The defendants failed, however, to establish, prima facie, that they did not engage in snow and ice removal work prior to the accident or that their snow and ice removal work did not create or exacerbate the hazardous condition which allegedly caused the plaintiff to fall (*see Forlenza v Miglio*, 130 AD3d 567, 568 [2015]; *Arashkovitch v City of New York*, 123 AD3d 853, 854 [2014]; *Robles v City of New York*, 56 AD3d at 648).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Dillon, Chambers and Hinds-Radix, JJ., concur.