■ NELLI KORONKEVICH, Respondent, v ALEXANDER DEMBITZER et al., Appellants, and CITY OF NEW YORK, Respondent, et al., Defendant. [48 NYS3d 188]—

In an action to recover damages for personal injuries, the defendants Alexander Dembitzer and Henny Dembitzer appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Genovesi, J.), dated February 19, 2016, as denied that branch of their motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the defendants Alexander Dembitzer and Henny Dembitzer by the respondents, and that branch of the motion of the defendants Alexander Dembitzer and Henny Dembitzer which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

The plaintiff allegedly tripped and fell on a sidewalk defect abutting premises owned by the defendants Alexander Dembitzer and Henny Dembitzer (hereinafter together the defendants) in Brooklyn. The plaintiff commenced this action to recover damages for personal injuries against, among others,

the defendants and the City of New York. The defendants moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, contending that they were exempt from liability as owners of a two-family residential real property, which was entirely occupied by them and their children, and used exclusively for residential purposes. The Supreme Court denied the motion.

In 2003, the New York City Council enacted section 7-210 of the Administrative Code of the City of New York to shift tort liability for injuries resulting from defective sidewalks from the City to abutting property owners (*see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 519-520 [2008]). This liability shifting provision does not, however, apply to "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (*see* Administrative Code of City of NY § 7-210 [b]). "The purpose of the exception in the Code is to recognize the inappropriateness of exposing small-property owners in residence, who have limited resources, to exclusive liability with respect to sidewalk maintenance and repair" (*Coogan v City of New York*, 73 AD3d 613, 614 [2010]; *see Aracena v City of New York*, 136 AD3d 717, 718 [2016]; *Howard v City of New York*, 95 AD3d 1276, 1277 [2012]).

Here, the defendants established, prima facie, that they were exempt from liability pursuant to the subject code exception. Contrary to the plaintiff's contention, the defendants' partial use of the basement as an office space was merely incidental to their residential use of the property (*see Coogan v City of New York*, 73 AD3d at 614; *cf. Sisler v City of New York*, 84 AD3d 638, 639 [2011]). Alexander Dembitzer was the director of a summer camp located in upstate New York, and during the off-season, he used the basement to conduct the camp's business. The defendants did not claim the home office as a tax deduction, their home address was only used to receive the camp's mail during the off-season, and they did not use the office space with any regularity. In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Mastro, J.P., Dillon, Balkin and Maltese, JJ., concur.