■ WILLIAM JOHNSON, Appellant, v MARIE MANLEY, Respondent, et al., Defendant. [52 NYS3d 891]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), entered March 18, 2016, as granted that branch of the motion of the defendant Marie Manley which was for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

In August 2011, the plaintiff allegedly was injured when he tripped and fell on a defective sidewalk on 120th Avenue in Queens. The plaintiff commenced this action to recover damages for his injuries against, among others, the defendant Marie Manley. Manley allegedly owned two adjacent lots, one of which was occupied by her residence and a driveway, the other of which was undeveloped but was used by Manley and her family as a lawn. The plaintiff allegedly was injured on the sidewalk abutting the undeveloped lot. After discovery was completed, Manley moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her. Among other grounds, Manley argued that, under section 7-210 of the Administrative Code of the City of New York (hereinafter the Sidewalk Law), she was not responsible for maintaining the sidewalk and could not be held liable for defects that she had not created. The Supreme Court granted Manley's motion, and the plaintiff appeals.

In 2003, the New York City Council enacted the Sidewalk Law to shift tort liability for injuries resulting from defective sidewalks from the City to abutting property owners (*see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 519-520 [2008]). This liability-shifting provision, however, does not apply to "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (Administrative Code of City of NY § 7-210 [b]). The exemption was provided in recognition that it was inappropriate to expose "small-property owners in residence, who have limited resources, to exclusive liability with respect to sidewalk maintenance and repair" (*Coogan v City of New York*, 73 AD3d 613, 614 [2010]; *see Ming Hsia v Valle*, 147 AD3d 933, 934 [2017]; *Meyer v City of New York*, 114 AD3d 734, 734 [2014]).

Here, in support of her motion, Manley established her prima facie entitlement to the small-property owner exemption. Manley established, prima facie, that the lot abutting the sidewalk where the plaintiff allegedly was injured was part of her residential premises for all practical purposes and that her use of her property qualified in all other respects for the small-property owner exemption. As we have recognized, this exemption is concerned with the ownership and use of the relevant property, not its technical designation (*see Meyer v City of New York*, 114 AD3d at 735). Manley additionally established, prima facie, that she did not create the alleged sidewalk defect or make special use of the sidewalk and thus could not be held liable under common-law principles (*see Missirlakis v McCarthy*, 145 AD3d 772, 773 [2016]; *Villamar v Pacheco*, 135 AD3d 853, 854 [2016]; *cf. Bisono v Quinn*, 125 AD3d 704, 705 [2015]). In opposition to Manley's prima facie showing, the plaintiff failed to raise a triable issue of fact (*see Villamar v Pacheco*, 135 AD3d at 854). Accordingly, the Supreme Court properly granted that branch of Manley's motion which was for summary judgment dismissing the complaint insofar as asserted against her (*see Meyer v City of New York*, 114 AD3d at 735). Eng, P.J., Rivera, Balkin and Barros, JJ., concur.