DeBlasi v City of New York (2018 NY Slip Op 00128)





DeBlasi v City of New York


2018 NY Slip Op 00128


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
LEONARD B. AUSTIN
ANGELA G. IANNACCI, JJ.


2015-08906
 (Index No. 101897/12)

[*1]Joseph DeBlasi, et al., respondents-appellants, 
v
City of New York, appellant-respondent, John S. Gannone, et al., respondents.


Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Jeremy W. Shweder of counsel), for appellant-respondent.
Nicholas Martino, Jr., Staten Island, NY, for respondents-appellants.
Zachary & Zachary, P.C., Staten Island, NY (Deborah C. Zachary of counsel), for respondent John S. Gannone.
Faust Goetz Schenker & Blee, LLP, New York, NY (Lisa De Lindsay of counsel), for respondent Winrock Plumbing, Inc.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the defendant City of New York appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Richmond County (Aliotta, J.), dated June 25, 2015, which, inter alia, denied its motion to enforce a stipulation of settlement dated March 27, 2015, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted the motion of the defendant John S. Gannone for summary judgment dismissing the complaint insofar as asserted against him and that branch of the cross motion of the defendant Winrock Plumbing, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendant City of New York to enforce the stipulation of settlement dated March 27, 2015, and substituting therefor a provision granting the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs payable by the plaintiffs.
The plaintiff Joseph DeBlasi (hereinafter the injured plaintiff) allegedly was injured when he tripped and fell over a crack in the sidewalk abutting 604 Lamont Avenue in Richmond County. The injured plaintiff, and his wife suing derivatively, commenced this action, inter alia, to recover damages for his injuries against the defendant John S. Gannone, who owned and occupied the subject premises, the defendant City of New York, and the defendant Winrock Plumbing, Inc. (hereinafter Winrock), a contractor that performed work on a portion of the sidewalk. After discovery, Gannone moved for summary judgment dismissing the complaint insofar as asserted [*2]against him, and Winrock cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it.
In March 2015, the plaintiffs' attorney and the City's attorney agreed to settle the matter with respect to the City for $35,000. A stipulation of settlement was prepared and signed by the attorneys on March 27, 2015. Subsequently, the plaintiffs' attorney sought to renege on the stipulation on the ground that he had failed to inform the plaintiffs that the award would be reduced by a worker's compensation lien. The City moved to enforce the stipulation of settlement. In an order dated June 25, 2015, the Supreme Court, inter alia, denied the City's motion, granted Gannone's motion for summary judgment dismissing the complaint insofar as asserted against him, and granted that branch of Winrock's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it. The City appeals, and the plaintiffs cross-appeal.
The Supreme Court properly granted Gannone's motion for summary judgment dismissing the complaint insofar as asserted against him. Administrative Code of the City of New York § 7-210, which shifted tort liability for injuries resulting from defective sidewalks from the City to the abutting property owners, does "not apply to one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (Administrative Code § 7-210[b]; see Meyer v City of New York, 114 AD3d 734, 734). Gannone demonstrated, prima facie, that he was exempt from liability by establishing that the subject dwelling was a one-family, owner-occupied residence (see DeSilvio v Lin Zheng, 150 AD3d 679, 680; Boorstein v 1261 48th St. Condominium, 96 AD3d 703, 703-704). Gannone also established, prima facie, that he did not perform any work on the sidewalk prior to the incident, and that he did not create the alleged defect (see Ippolito v Innamorato, 136 AD3d 624, 625; Angulo v City of New York, 5 AD3d 707). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Contrary to the plaintiffs' contention, Gannone's use of the dwelling to store his son's landscaping equipment was merely incidental to the residential use of the property (see Koronkevich v Dembitzer, 147 AD3d 916; Coogan v City of New York, 73 AD3d 613). Moreover, we do not find that the pictures contained in the record depict repairs that were made to the sidewalk.
The Supreme Court also properly granted that branch of Winrock's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it. Although a contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk (see Huerta v 2147 Second Ave., LLC, 129 AD3d 668), Winrock established, prima facie, that it did not create or cause the alleged dangerous condition. Approximately six years prior to the accident, Winrock performed work near or about where the injured plaintiff fell. It received no complaints, and its work was approved by the City (see Zorin v City of New York, 137 AD3d 1116; Santelises v Town of Huntington, 124 AD3d 863, 865). In opposition, no triable issue of fact was raised.
The Supreme Court, however, erred in denying the City's motion to enforce the stipulation of settlement dated March 27, 2015. "Stipulations of settlement between parties are binding contracts . . . and, as such, they are favored and not lightly cast aside" (HSBC Bank USA, N.A. v Wielgus, 131 AD3d 510, 510 [internal quotation marks omitted]). "The parties to a stipulation may have it set aside only for reasons which would allow a contract to be set aside, such as fraud, collusion, mistake, or accident" (Bailey v New York City Tr. Auth., 196 AD2d 854, 854). Here, the plaintiffs failed to show that the stipulation of settlement was the product of fraud, collusion, mistake, or accident. Nor was there any showing that the plaintiffs' attorney did not have authority to enter into the stipulation of settlement (see Ortiz v Brooks, 135 AD3d 921).
In light of our determination, we need not reach the City's remaining contention.
BALKIN, J.P., LEVENTHAL, AUSTIN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court