Cosme v City of New York (2019 NY Slip Op 01055)





Cosme v City of New York


2019 NY Slip Op 01055


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-04950
 (Index No. 144/16)

[*1]Iris Cosme, respondent, 
v
City of New York, defendant, Diane Binienda, appellant.


Gannon, Rosenfarb & Drossman, New York, NY (Lisa L. Gokhulsingh of counsel), for appellant.
Pavlounis & Sfouggatakis, LLP, Brooklyn, NY (Robert Whitbeck of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Diane Binienda appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated March 2, 2018. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Diane Binienda for summary judgment dismissing the complaint and all cross claims insofar as asserted against her is granted.
The plaintiff allegedly sustained personal injuries when she tripped and fell on a defective sidewalk abutting premises owned by the defendant Diane Binienda. The plaintiff commenced this action against Binienda and the City of New York. Binienda moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against her, contending that she did not owe the plaintiff a duty of care to maintain the public sidewalk where the accident occurred. The Supreme Court denied the motion. Binienda appeals.
In 2003, the New York City Council enacted section 7-210 of the Administrative Code of the City of New York to shift tort liability for injuries resulting from defective sidewalk conditions from the City to abutting property owners (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 519-520; Staruch v 1328 Broadway Owners, LLC, 111 AD3d 698). However, this liability-shifting provision does not apply to "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (Administrative Code § 7-210[b]; see Brown v City of New York, 162 AD3d 731; DeSilvio v Lin Zheng, 150 AD3d 679; Bisono v Quinn, 125 AD3d 704). "The purpose of the exception in the Code is to recognize the inappropriateness of exposing small-property owners in residence, who have limited resources, to exclusive liability with respect to sidewalk maintenance and repair" (Coogan v City of New York, 73 AD3d 613, 614; see Johnson v Manley, 150 AD3d 1210, 1211; Ming Hsia v Valle, 147 AD3d 933, 934; Meyer v City of New York, 114 AD3d 734).
Here, Binienda demonstrated, prima facie, that she was exempt from liability by [*2]establishing that the subject dwelling qualified for the small-property owner exemption (see DeBlasi v City of New York, 157 AD3d 656, 657; Johnson v Manley, 150 AD3d at 1211; Missirlakis v McCarthy, 145 AD3d 772, 772-773). Binienda additionally established, prima facie, that she did not create the alleged sidewalk defect or make special use of the sidewalk and thus could not be held liable under common-law principles (see Johnson v Manley, 150 AD3d at 1211; Missirlakis v McCarthy, 145 AD3d at 773; Ippolito v Innamorato, 136 AD3d 624, 625). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court should have granted Binienda's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.
AUSTIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court