Gallis v 23-21 33 Rd., LLC (2021 NY Slip Op 05549)





Gallis v 23-21 33 Rd., LLC


2021 NY Slip Op 05549


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2020-02427
 (Index No. 711774/17)

[*1]Konstantinos Gallis, appellant,
v
23-21 33 Road, LLC, defendant, City of New York, respondent.


Max D. Leifer, P.C., New York, NY, for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Jane L. Gordon and Lorenzo Di Silvio of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered February 26, 2020. The order denied the plaintiff's motion for summary judgment on the issue of liability against the defendant City of New York.
ORDERED that the order is affirmed, with costs.
On March 5, 2017, the plaintiff allegedly was injured when he tripped and fell on an uneven or raised condition of a sidewalk that abutted property in Queens owned by the defendant 23-21 33 Road, LLC (hereinafter the LLC). The accident occurred on a part of the sidewalk that was near a tree. The plaintiff subsequently commenced this personal injury action against the LLC and the defendant City of New York. The LLC failed to answer the complaint, and the plaintiff was granted leave to enter a default judgment against it. The plaintiff then moved for summary judgment on the issue of liability against the City, contending, among other things, that the City negligently maintained the tree near the accident site, thereby allowing the tree roots to grow and lift the sidewalk, creating a dangerous condition. The Supreme Court denied the motion, and the plaintiff appeals.
"Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City to the abutting property owner, except for sidewalks abutting one-, two-, or three-family residential properties that are owner occupied and used exclusively for residential purposes" (Dragonetti v 301 Mar. Ave. Corp., 180 AD3d 870, 871 [internal quotation marks omitted]; see Vucetovic v Epsom Downs, Inc., 10 NY3d 517). The City Council "enacted section 7-210 in an effort to transfer tort liability from the City to adjoining property owners as a cost-saving measure, reasoning that it was appropriate to place liability with the party whose legal obligation it is to maintain and repair sidewalks that abut them—the property owners" (Vucetovic v Epsom Downs, Inc., 10 NY3d at 521 [internal quotation marks omitted]). In this regard, section 7-210(a) states that it "shall be the duty of the owner of real property abutting any sidewalk . . . to maintain such sidewalk in a reasonably safe condition." Section 7-210(b) states that an abutting owner "shall be liable for any . . . personal [*2]injury . . . proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition," and section 7-210(c) further provides that the City "shall not be liable." The failure to maintain a sidewalk in a reasonably safe condition "shall include, but not be limited to, the negligent failure to install, construct, reconstruct, repave, repair or replace defective sidewalk flags and the negligent failure to remove snow, ice, dirt or other material from the sidewalk" (Administrative Code § 7-210[b]). This language "mirrors the duties and obligations of property owners with regard to sidewalks set forth in Administrative Code sections 19-152 and 16-123" (Vucetovic v Epsom Downs, Inc., 10 NY3d at 521 [internal quotation marks omitted]).
The clear unambiguous language of Administrative Code § 7-210, combined with the expressed purpose of the law as set forth in the legislative history, establishes that the City Council intended to shift liability for sidewalk accidents away from the City to the abutting landowner (see Satram v City of New York, 24 Misc 3d 1233[A], 2009 NY Slip Op 51713[U] [Sup Ct, Kings County]; DiGregorio v City of New York, 19 Misc 3d 1135[A], 2008 NY Slip Op 51013[U] [Sup Ct, Kings County]; Falco v Jennings Hall Senior Citizen Hous. Dev. Fund, Inc., 19 Misc 3d 1107[A], 2008 NY Slip Op 50595[U] [Sup Ct, Kings County]). The statute makes no exception for defective sidewalk conditions caused by growing tree roots.
In arguing that the Administrative Code does not relieve the City of potential liability for sidewalk defects resulting from tree growth, the plaintiff points to Administrative Code § 18-104, which specifies that the planting, cultivating, and care of trees is normally under the exclusive jurisdiction of the City's Department of Parks and Recreation. The plaintiff also relies upon Administrative Code § 18-129, which prohibits an individual or entity from cutting or removing trees and vegetation. However, the Administrative Code also permits abutting property owners to repair and reconstruct sidewalks, which may include the cutting or removal of tree roots, after obtaining appropriate permission from the City (see Administrative Code §§ 18-129[a]; 19-103, 19-141; see also DiGregorio v City of New York, 19 Misc 3d 1135[A], 2008 NY Slip Op 51013[U]). Insofar as the Administrative Code allows abutting property owners to obtain permission to repair and reconstruct the sidewalk under these circumstances, it does not absolve abutting property owners from their duty of care and potential liability under Administrative Code § 7-210 (see generally Beagle v City of Buffalo, 178 AD3d 1363; Shatzel v 152 Buffalo St., Ltd., 129 AD3d 1626; DiGregorio v City of New York, 19 Misc 3d 1135[A], 2008 NY Slip Op 51013[U]). Where a sidewalk may have been damaged by growing tree roots, abutting property owners are responsible for remedying the condition and are liable for damages that may occur because of the defect (see Seplow v Solil Mgt. Corp., 15 Misc 3d 1138[A], 2007 NY Slip Op 51033[U] [Sup Ct, NY County]; see generally Dragonetti v 301 Mar. Ave. Corp., 180 AD3d 870). The plaintiff's further reliance on certain hearsay statements contained in New York Post articles (see Chong Min Mun v Soung Eun Hong, 109 AD3d 732, 733; Young v Fleary, 226 AD2d 454) is inapposite. The plaintiff therefore failed to establish that section 7-210 of the Administrative Code is not applicable to these alleged circumstances involving the growth of tree roots.
The plaintiff also failed to establish, prima facie, that the City is liable pursuant to the express exemption contained in Administrative Code § 7-210(b) for abutting property that is "in whole or in part, owner occupied" and "used exclusively for residential purposes" (see Aracena v City of New York, 136 AD3d 717, 717-718; Howard v City of New York, 95 AD3d 1276, 1276-1277). The purpose of this exception is to recognize "the inappropriateness of exposing small-property owners in residence, who have limited resources, to exclusive liability with respect to sidewalk maintenance and repair" (Howard v City of New York, 95 AD3d at 1277 [internal quotation marks omitted]; see Aracena v City of New York, 136 AD3d at 718). While the plaintiff correctly contends, as conceded by the City, that this statutory exemption may apply to owners that are corporate entities, such as the LLC in this case (see Boorstein v 1261 48th St. Condominium, 96 AD3d 703, 704), the plaintiff failed to adduce evidence that the LLC actually occupied the property at the time of the accident, or that use of the property was limited to residential purposes. The plaintiff relies solely on his General Municipal Law § 50-h hearing testimony to make this argument, but the plaintiff admitted that he did not know if anyone was living at the property when he tripped and fell, and he did not know who the owner of the property was at the time he fell. The plaintiff therefore failed to eliminate triable issues of fact on this issue.
The plaintiff also failed to establish, prima facie, that the sidewalk was not maintained in a reasonably safe condition. "[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (Trincere v County of Suffolk, 90 NY2d 976, 977 [internal quotation marks omitted]). Summary judgment should not be granted where "the dimensions of the alleged defect are unknown and the photographs and descriptions inconclusive" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 84). While the plaintiff testified at his General Municipal Law § 50-h hearing that the sidewalk was raised two or three inches, he also admitted that he did not measure the sidewalk and did not know how many inches it was raised. Moreover, the photographs and documents relied upon by the plaintiff were not authenticated and submitted in admissible form (see Rodriguez v Sheridan One Co., LLC, 177 AD3d 801, 802; Matter of Bermudez v City of New York, 167 AD3d 733, 735; Werner v City of New York, 135 AD3d 740), and thus, they failed to demonstrate, prima facie, that the sidewalk was defective.
In addition, the plaintiff failed to establish, prima facie, that the City received prior written notice of the alleged defect (see Arutyunov v City of New York, 175 AD3d 1368, 1369; Walker v Jenkins, 137 AD3d 1014, 1015; Brown v City of New York, 90 AD3d 591).
Since the plaintiff failed to meet his initial burden as the movant, the Supreme Court properly denied his motion for summary judgment on the issue of liability against the City without regard to the sufficiency of the City's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MASTRO, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court