Wechsler v City of New York (2024 NY Slip Op 04798)

Wechsler v City of New York

2024 NY Slip Op 04798

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2023-01778
 (Index No. 514923/19)

[*1]Henny Wechsler, respondent-appellant,
v
City of New York, defendant, Judah Churba, et al., appellants-respondents.

James F. Butler & Associates, Jericho, NY (Nancy S. Goodman of counsel), for appellants-respondents.
Marcel Weisman, LLC, Brooklyn, NY (Ezra Holczer of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Judah Churba and Miriam Churba appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated February 1, 2023. The order, insofar as appealed from, denied the motion of the defendants Judah Churba and Miriam Churba for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. The order, insofar as cross-appealed from, denied the plaintiff's cross-motion for summary judgment on the issue of liability insofar as asserted against the defendants Judah Churba and Miriam Churba.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff commenced this action against the defendants Judah Churba and Miriam Churba (hereinafter together the defendants), and another defendant, to recover damages for personal injuries that she alleged she sustained in April 2019 when she tripped and fell on an uneven sidewalk condition abutting a property owned by the defendants in Kings County (hereinafter the property). The defendants moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them, and, conversely, the plaintiff cross-moved for summary judgment on the issue of liability insofar as asserted against the defendants. In an order dated February 1, 2023, the Supreme Court denied the defendants' motion and the plaintiff's cross-motion. The defendants appeal and the plaintiff cross-appeals.
"In 2003, the New York City Council enacted section 7-210 of the Administrative Code of the City of New York to shift tort liability for injuries resulting from defective sidewalks from the City to abutting property owners, unless the abutting property is a one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (Aracena v City of New York, 136 AD3d 717, 717-718 [internal quotation marks omitted]).
Contrary to the defendants' contention, they failed to establish their prima facie [*2]entitlement to judgment as a matter of law that the owner-occupied residential purpose exemption under Administrative Code § 7-210(b) is applicable to them, as there are triable issues of fact as to whether, at the time of the plaintiff's alleged trip and fall, the property was an owner-occupied, two-family dwelling that was used exclusively for residential purposes. The plaintiff also failed to establish her prima facie entitlement to summary judgment on the issue of liability insofar as asserted against the defendants, as she failed to show that there are no triable issues of fact as to whether the property was an owner-occupied two-family dwelling at the time of the incident and was not used exclusively for residential purposes (see Aracena v City of New York, 136 AD3d at 718; Howard v City of New York, 95 AD3d 1276, 1277).
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them and the plaintiff's cross-motion for summary judgment on the issue of liability insofar as asserted against the defendants, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853) .
DUFFY, J.P., CHRISTOPHER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court