Strazza v City of New York (2025 NY Slip Op 07425)

Strazza v City of New York

2025 NY Slip Op 07425

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2024-05208
 (Index No. 518548/19)

[*1]Michael Strazza, plaintiff-respondent, 
vCity of New York, defendant-respondent, Shefa Land Corp., appellant (and a third-party action).

The Gold Law Firm, P.C., Bellmore, NY (Karen C. Higgins and Sean F. Feminella of counsel), for appellant.
Krentsel Guzman Herbert, LLP (Horn Appellate Group, Brooklyn, NY [Ross S. Friscia and Scott T. Horn], of counsel), for plaintiff-respondent.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Hannah J. Sarokin and Ingrid R. Gustafson of counsel), for defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Shefa Land Corp. appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated March 6, 2024. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it and granted the motion of the defendant City of New York for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as the defendant Shefa Land Corp. is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The plaintiff allegedly tripped and fell on a cracked and broken portion of a drop curb adjacent to property owned by the defendant Shefa Land Corp. (hereinafter Shefa). The plaintiff commenced this action against Shefa and the defendant City of New York to recover damages for personal injuries the plaintiff allegedly sustained in the accident. Shefa and the City each asserted cross-claims against the other for indemnification and contribution. After the completion of discovery, Shefa and the City separately moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against each of them. In an order dated March 6, 2024, the Supreme Court denied Shefa's motion and granted the City's motion. Shefa appeals.
Shefa demonstrated, prima facie, that its property was a two-family residence that was [*2]owner occupied and used exclusively for residential purposes, and that the defective condition which allegedly caused the plaintiff's injuries existed on the curb, rather than the sidewalk. Therefore, Shefa demonstrated, prima facie, that liability did not shift to it pursuant to section 7-210(b) of the Administrative Code of the City of New York (see Koronkevich v Dembitzer, 147 AD3d 916, 917; Alleyne v City of New York, 89 AD3d 970, 971). Nevertheless, Shefa failed to establish, prima facie, that it did not cause the defect to occur through its special use of the defective area as a driveway (see Bisono v Quinn, 125 AD3d 704, 705; Alleyne v City of New York, 89 AD3d at 972). Accordingly, the Supreme Court properly denied Shefa's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
Contrary to Shefa's contention, the Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing Shefa's cross-claims asserted against it. "Prior written notice of a defective condition is a condition precedent to maintain an action against a municipality where, as here, there is a local law requiring such notice" (Callaghan v County of Nassau, 236 AD3d 725, 726 [internal quotation marks omitted]; see Schiller v Town of Ramapo, 202 AD3d 1022). "Where a municipality establishes that it lacked prior written notice under a prior written notice statute, the burden shifts to the [opposing party] to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Sanchez v County of Nassau, 222 AD3d 685, 686 [internal quotation marks omitted]; see Smith v City of New York, 210 AD3d 53, 69). "The affirmative negligence exception is limited to work done by a municipality that immediately results in the existence of a dangerous condition" (Wilson v Incorporated Vil. of Freeport, 212 AD3d 870, 871 [emphasis and internal quotation marks omitted]).
Here, the City established, prima facie, that it did not receive prior written notice of the subject defective condition and, thus, the burden shifted to the opposing parties to raise a triable issue of fact as to the applicability of an exception to the prior written notice rule (see Callaghan v County of Nassau, 236 AD3d at 727). No such triable issue of fact was raised, as no evidence was identified tending to show that the City conducted work in the subject area which immediately resulted in the creation of the alleged defect or that the City made a special use of the subject area resulting in a special benefit (see id.; Wilson v Inc. Vil. of Freeport, 212 AD3d at 872).
Shefa's remaining contention is without merit.
IANNACCI, J.P., GENOVESI, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court